James M. Green, Bar No. 032211
Quarracy L. Smith, Bar No. 033515
**Smith & Green, Attorneys at Law, P.L.L.C.**
3101 N. Central Ave., Suite 700
Phoenix, Arizona 85012
Telephone: (602)-812-4600
qsmith@smithgreenlaw.com
jgreen@smithgreenlaw.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin McKinley, an individual,<br><br>     Plaintiff,<br><br>  vs.<br><br>Miles Partnership, LLLP,<br><br>     Defendant. | Case No.<br><br>**COMPLAINT**<br><br>Jury Trial Demanded |

Justin McKinley, ("Plaintiff" or "Mr. McKinley") by and through undersigned counsel, brings this action against Miles Partnership, LLLP, for sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.

## JURISDICTION, PARTIES, AND VENUE

1.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., a federal law.

2.   Venue is proper in this District pursuant to 28 U.S.C. § 1391.

1

3.    Plaintiff, at all times material hereto, resided in Maricopa County, Arizona.

4.    Defendant is a destination marketing and strategic communications firm headquartered in Colorado, which employs hundreds of employees nationwide, and which at all times material hereto, continuously operated within the state of Arizona.

5.    Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.

6.    Defendants have caused acts out of which this lawsuit arose to occur in Maricopa County, Arizona.

7.    Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue on December 10, 2025. It has been less than 90 days since receipt of that notice.

## STATEMENT OF FACTS

8.    Defendant publicly posted a job opening for Vice President of Content Strategy, a role which encompassed executive leadership of the company's content operations.

9.    Plaintiff applied for the vacant Vice President of Content Strategy position.

10.    Plaintiff possessed qualifications consistent with the role's requirements, he was qualified for the position, and he successfully progressed through the hiring process, including completing a substantial strategic assignment requested by Defendant.

11.    Plaintiff communicated with company representatives and leadership regarding the role.

12.    Defendant requested that Plaintiff complete a detailed strategic assignment concerning the future direction of Defendant's content department.

13. Plaintiff prepared and submitted the requested strategic analysis.

14. Despite Plaintiff's qualifications, Defendant rejected Plaintiff and instead selected Hannah Brown, who was a less qualified female candidate for the role.

15. Defendant discriminated against Plaintiff on the basis of sex (male) in connection with hiring for the position of Vice President of Content Strategy.

16. Analysis of publicly available LinkedIn employee profiles identified approximately 555 individuals who have worked for Defendant, including both current and former employees, of which approximately 401 are women and 154 are men, reflecting a substantial gender imbalance across Defendant's workforce over time.

17. As of approximately August 2025, the dataset reflects approximately 289 current employees, consisting of approximately 212 women and 77 men (excluding employees of subsidiaries), which represents a workforce composition of approximately 73.4% women and 26.6% men, reflecting a significant deviation from gender parity.

18. From August 2021 through August 2025, Defendant hired approximately 158 women and 64 men, with female hires representing approximately 71.2% of new hires.

19. Between August 2021 through August 2025, only one (1) man was hired while twenty-three (23) women were hired for content roles, and from June 2022, sixteen (16) consecutive content hires were female.

20. Defendants' content department consisted of approximately thirty-one (31) women and three (3) men.

21. Executive leadership appointments between August 2021 through August 2025 included fifteen (15) female VP/SVP appointments and only one (1) male appointment.

22. Defendant's hiring and promotion practices demonstrate systemic statistical disparities favoring female candidates, particularly within the company's content department and executive leadership positions.

23. These disparities significantly exceed the statistical thresholds commonly relied upon by courts and the EEOC to infer discriminatory practices.

## CAUSES OF ACTION

**Count I: Disparate Treatment – Sex Discrimination in Violation of Title VII**

24. Plaintiff realleges and incorporates by reference all previous allegations contained in the foregoing paragraphs as though fully set forth herein.

25. Title VII prohibits employers from discriminating against individuals because of sex.

26. Plaintiff is a member of a protected class (male).

27. Plaintiff applied for and was qualified for the vacant Vice President of Content Strategy position.

28. Defendant rejected Plaintiff and instead hired a less qualified female candidate.

29. Defendant's actions constitute intentional sex discrimination.

**Count II: Disparate Impact – Sex Discrimination in Violation of Title VII**

30. Plaintiff realleges and incorporates by reference all previous allegations contained in the foregoing paragraphs as though fully set forth herein.

31. Defendant's hiring and promotion practices include policies and procedures that appear neutral but disproportionately exclude male applicants.

32. Statistical evidence demonstrates that these practices have produced substantial

disparities in hiring and promotions.

33. These disparities significantly exceed the two-standard-deviation threshold commonly used to identify discriminatory impact.

34. Defendant's practices therefore have an unlawful disparate impact on male applicants, including Plaintiff.

**Count III: Pattern or Practice of Sex Discrimination in Violation of Title VII**

35. Plaintiff realleges and incorporates by reference all previous allegations contained in the foregoing paragraphs as though fully set forth herein.

36. Defendant has engaged in a systemic pattern of favoring female candidates in hiring and promotions.

37. The pattern is reflected in hiring data, executive promotions, workforce composition, and department staffing patterns.

38. Defendant's repeated and consistent hiring practices demonstrate a pattern or practice of discrimination on the basis of sex.

**<ins>PRAYER FOR RELIEF</ins>**

**WHEREFORE**, Plaintiff prays for the following relief from Defendants:

    A. Award of back pay and benefits;

    B. Award of front pay;

    C. Compensatory damages;

    D. Punitive damages;

    E. An award of attorneys' fees and costs;

    F. Any other relief this Court deems just and proper.

## JURY TRIAL DEMAND

The Plaintiff respectfully requests a jury trial on all of the facts raised in this Complaint.

**RESPECTFULLY SUBMITTED** this 9th day of March, 2026.

SMITH & GREEN
Attorneys at Law, P.L.L.C.

*/s/James M. Green*
James M. Green
*Attorney for Plaintiff*